RECEIVED IN CLERKS OFFICE
U.S.D.C. Atlanta

FEB 2 2 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MIDLAND FUNDING LLC ASSIGNEE
OF HSBC BANK NEVADA, N.A.

**1  10-MI-0077**

                Plaintiff,

v.

TERESA HOPKINS

                Defendant.

**PETITION FOR REMOVAL OF
A CIVIL ACTION FROM THE
SUPERIOR COURT OF COWETA
COUNTY GEORGIA TO THE
UNITED STATES DISTRICT
COURT PURSUANT TO 28 U.S.C.
§ 1441 AND 28 U.S.C. § 1443 and
28 U.S.C. § 1446**

**Superior Court No.10V241**

Now comes Teresa Hopkins and petition this Honorable Court for the removal of

the civil action initiated against her in the superior court for Coweta County Georgia,

civil action number 10V241 pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1441 (b)-(c), 15

U.S.C. § 1692 – 1692p and 15 U.S.C. § 1681 and state the following:

**1. STATEMENT OF THE FACTS**

Defendant deny ever doing business with plaintiffs Midland Funding LLC

assignee of HSBC Bank, Nevada N.A. and no such contract exist with the two parties

names on it. Defendant further deny any amount claimed within plaintiffs complaint and

contend that such complaint and any amounts demanded of her violates 15 U.S.C. § 1692

– 1692p, 15 U.S.C. § 1681 and the laws of the United States of America.

Defendant contends that plaintiffs are a third party debt collection agency and that

counsel for plaintiffs, Frederick J. Hanna & Associates, P.C. is a third party debt collection

agency as well and that the two of these organizations or firms have a contractual and personal interest in this matter and are mistakenly attempting to collect or demand money from defendant for a debt that does not exist. Further, defendant contends that Midland Funding LLC assignee of HSC Bank Nevada, N.A., and Frederick J Hanna & Associates, P.C. and others seek to violate defendant's civil rights, consumer rights and constitutional rights.

Midland Funding LLC Assignee of HSBC Bank Nevada, N.A. failed to present a copy of an existing contract bearing defendant's name as the person for which they seek money from. Plaintiff have misnamed defendant in this instant civil action and defendant moves for dismissal as a matter of law.

Defendant contends that she is entitle relief through the Fair Debt Collections Practice Act 15 U.S.C. §§ 1692 – 1692p and the Fair Credit Reporting Act 15 U.S.C. § 1681. Plaintiff have declared that a debt exist between them and defendant but on the contrary, no such debt exists. The information plaintiff used in the formulation of this instant civil action was derived by and through plaintiff illegally obtaining the private and constitutionally protected personal information of defendant, posting a false debt upon the personal credit files of defendant and subsequently initiating the above state court civil action against defendant.

In addition to the fact that no contract exist between Midland Funding LLC Assignee of HSBC Bank, Nevada, N.A. and defendant, plaintiff did not attach a copy of a contract indicating that would verify their claim, accordingly, no such claim exist and plaintiff have failed to state a claim. **See copy of state court civil action attached.**

## 2. JURISDICTION

Jurisdiction is pursuant to 28 U.S.C. § 1441.  The United States district court for the northern district of Georgia, Atlanta division is the proper venue to address the constitutional violations and violations of the laws of the United States of America committed by plaintiffs as described within the state court civil action.  Defendant has a constitutional right to redress the district court for the violations of federal law and federal statues committed by plaintiff as outlined within this petition.  The superior court for Coweta county Georgia lacks jurisdiction to adjudicate over the United States constitutional violations complained of within defendant's petition for removal.

## 3. GROUNDS FOR REMOVAL

Plaintiff initiated a civil action in the superior court of Coweta County Georgia against this defendant for an account that plaintiff contends that defendant refused to pay a balance in an amount of $2,885.37 plus $105.00 for court cost.  Plaintiff failed to attach a copy of the alleged contract that they claim defendant has defaulted on simply because no such contract exists.  Plaintiff is a debt collection agency or debt collection firm that routinely contracts with companies for charged off bad debts.  Those debts have been credited as a business loss to those companies for federal income tax purposes and the collection process utilized by companies, such as plaintiff, opens the door to an opportunity for companies that have already received full credit for the uncollectible debt losses on their federal income taxes to recoup a reasonable portion of the money after paying plaintiff or other debt collectors.  This process violates federal income tax laws in that a scheme to defraud the United States Government exist.  In this instant case,

plaintiff has initiated a civil action in a state court but and have alleged that defendant owes them for a debt occurred by virtue of a contract. No such contract exist and plaintiff has improperly named defendant to their action. The question defendant present before this court is whether or not plaintiff is entitled to recover the damages that he claim is owed him by defendant by virtue of an existing contract in light of the fact that plaintiff failed to present or attach a copy of the contract along with his lawsuit. The next question defendant present to the court is whether or not she is entitled to relief under the federal statues cited, 15 U.S.C. § 1681, 15 U.S.C. § 1692 – 1692 P and whether the action need to be removed in order for her to receive relief. The final question that defendant present to the court is whether or not the action initiated by plaintiff would be under the jurisdiction of the United States district court initially. Defendant contends that she is entitle to relief under the statues cited within this petition and that no such relief is possible in the state court of Coweta County Georgia. Defendant further contends that plaintiff's action violate the Social Security Privacy Act given that the information within their complaint is derived from their having to obtain defendant's personal information through the use of her social security number. This was done illegally by plaintiffs.

## 4. DEFENDANT'S ANSWER AND DEFENSES

Defendant deny ever entering into a contract with plaintiff and deny that plaintiff is entitled to collect any amount demanded within the complaint.

Defendant admits that her address stated within the complaint is correct but denies the statements in paragraphs (2) and (3) of plaintiff's complaint.

Defendant denies any statements not otherwise admitted concerning plaintiff's

complaint and deny that plaintiff is entitled to recover any damages.

Plaintiff have failed to state a claim and the complaint should be dismissed accordingly as a matter of law.

## 5. JURY DEMAND

Defendant demands a trial by jury for all issues of law raised herein.

## 6. CONCLUSION

Defendant respectfully petitions this Honorable Court to have plaintiff's state court civil action removed to the United States district court pursuant to the statues cited herein and for the reasons described herein. The United States district court has the inherent power to invoke jurisdiction over the issues within this civil matter and defendant respectfully request that her petition for removal be granted so that she may exercise her rights to redress her grievances within the proper court.

## 7. COUNTERCLAIM

Comes now Teresa Hopkins, defendant do now counterclaim the plaintiff Midland Funding, LLC. Assignee of HSBC Bank Nevada, N.A..

## 8. BACKGROUND

The plaintiff have initiated a civil complaint in the superior court of Coweta County Georgia and accordingly defendant has petitioned this Honorable Court to have plaintiff's complaint removed. Defendant have denied plaintiff's complaint and now state a counterclaim against plaintiff.

## 9. FRAUD

Plaintiff have initiated a complaint against defendant on false grounds and

without justification.  Defendant has never sought services from plaintiff, never signed contract agreeing to pay to plaintiff any amount of money, never accepted any terms or conditions with plaintiff for services rendered and plaintiff is unable to produce a contract bearing both their name as a merchant or service provider and defendant as the party requesting financial transaction services from them.  The actions of plaintiff are fraudulent in nature and should be prosecuted.  The plaintiff has initiated their fraudulent complaint on the basis of information that may have been obtained from defendant's personal credit files.  Any information obtained by plaintiff was obtained fraudulently and accordingly has violated defendant's rights to privacy.  These actions as described have damaged this defendant and accordingly give rise to this counterclaim.

## 10.  VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICE ACT AND THE FAIR CREDIT REPORTING ACT

Plaintiff initiated their complaint against defendant under the pretense that a contract between Midland Funding LLC Assignee of HSBC Bank Nevada, N.A. and defendant exist, no such contract exist and accordingly plaintiff has damaged defendant by reporting such erroneous and false information into the credit files of defendant, by making demands upon defendant and causing her to respond to the action filed and by forcing defendant to make efforts to have the civil action removed for the purposes of invoking her federally protected rights as a citizen.  The actions of plaintiff has damaged defendant and continues to cause damage.

## 11.  MENTAL ANGUISH AND MENTAL STRESS

The actions of plaintiff have cause defendant to suffer mental anguish, mental

stress and mental strain and accordingly have cause defendant to suffer damages. Plaintiff's false claims that a contract between them and this defendant are illegal and outrageous and violate the law and continue force defendant into a state of mental anguish  mental stress and mental strain on a daily basis pending recovery upon her claims as described within this counterclaim.

## 12.  INVASION OF PRIVACY AND VIOLATION OF THE SOCIAL SECURITY PRIVACY ACT

Plaintiff have violated defendant's rights to privacy as described within the Social Security Privacy Act by entering into defendant's personal credit files and entering false and fraudulent credit information.  The credit files of defendant are maintained categorically by and through the use of defendant's social security number as in accordance with the law.  Attempts by plaintiff to insert fraudulent information for the purposes of making claim against defendant by and through the filing of their civil action was done with social security information obtained and used by plaintiff.  This information is private in nature to defendant and was not meant for the use that plaintiff has intended.  Given the fact that plaintiff has no existing contract signed by both them and this defendant, they had no legal authority to enter information into defendant's credit files.  Given the fact that plaintiff could only able to place the information and could only obtain information within defendant's credit files by and through the use of defendant's social security number, plaintiff has misused that information and accordingly have damaged defendant by and through the use of her social security number which is a violation of federal law.  This action as described has damaged defendant and continues to cause defendant to suffer pending a resolution and outcome of

page 7

this counterclaim now before the court.

## 13. HARASSMENT

Plaintiff has initiated their fraudulent civil action for the purposes of harassment given that no contract exist between them and defendant and given the fact that no standards of law exist that allows plaintiff to make claims that a contract exist between the named parties and that they are entitled to recover for failure on the part of this defendant.  As stated, this defendant has never entered into a contract with plaintiff and has no reasons what so ever to be required to pay any amounts of money demanded by plaintiff within their complaint.  Their complaint is categorically within the legal description of harassment given that no legal standings exist that would authorize a party to make claims based on the existence of a contract when no such contract between the named parties actually exist.

## 14. JURY DEMAND

Defendant demands a trial by jury for the issues raised within her counterclaim.

## 15. CLAIM FOR RELIEF FOR DAMAGES CAUSED BY PLAINTIFF

Plaintiff initiated their civil action in the superior court of Coweta County Georgia under the pretense that this defendant is indebt to them for defaulting on a contract when in fact no such contract exist between them and this defendant.  Plaintiff failed to present a copy of the contract as proof of their claim.  Defendant has denied ever doing business with the plaintiff has described the damages that plaintiff's actions have caused her.  The facts as presented are defendant's claims for relief.

## 16.  RELIEF SOUGHT

Defendant seeks monetary relief for the damages inflicted upon her by and through the actions of the plaintiff in the amount of $1,000,000.00 for compensatory damages.  Defendant seeks punitive damages in addition to any other amount of damages claimed within her counterclaim.  Defendant further request that all damages caused by plaintiff by the false credit report information be immediately corrected and removed from her personal credit files.

Respectfully submitted on this _22_ day of February, 2010.

Teresa Hopkins, defendant

Page 9

09510407

Civil Action No. _____

Date Filed _____

SUPERIOR COURT

Georgia, COWETA County

MIDLAND FUNDING LLC ASSIGNEE OF HSBC
BANK NEVADA, N.A.

Attorney's Address

Frederick J. Hanna & Associates, P.C.
*Attorneys at Law*
1447 Roswell Road
Marietta, GA 30062

Plaintiff

VS.

TERESA HOPKINS

Defendant

Name and Address of Party to be Served

TERESA HOPKINS

114 MATTHEW CT

PALMETTO GA 30268-8558

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☑ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____ by leaving
a copy of the action and summons at his most notorious place of abode in this county.

Delivered same into the hands of_____ described as follows
age, about ____years; weight, about____ pounds; height, about ____feet and ___inches, domiciled at the residence of
defendant

**CORPORATION**

☐ Served the defendant_____ a corporation
by leaving a copy of the within action and summons with_____
in charge of the office and place of doing business of said corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons. with adequate postage
affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This_____ day of _____, 20_____.

_____
DEPUTY

SHERIFF DOCKET_____ PAGE_____

CSC-3 Rev. 85

IN THE SUPERIOR COURT FOR THE COUNTY OF COWETA

STATE OF GEORGIA

MIDLAND FUNDING LLC ASSIGNEE
OF HSBC BANK NEVADA, N.A.

      PLAINTIFF

      VS.

TERESA HOPKINS
114 MATTHEW CT
PALMETTO GA 30268-8558
      DEFENDANT

CIVIL ACTION FILE

NUMBER   10 V 1241

SUMMONS

TO THE ABOVE NAMED DEFENDANT

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Dennis E. Henry
Attorney at Law
Frederick J. Hanna & Associates, P.C.
1427 Roswell Road
Marietta, GA 30062
(770) 988-9055

An Answer to the Complaint which is herewith served upon you within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This the _____ day of _____, 2010.

CLERK OF SUPERIOR COURT

By _____
    Deputy Clerk

09510407

IN THE SUPERIOR COURT FOR THE COUNTY OF COWETA
STATE OF GEORGIA

FILED IN OFFICE
CLERK OF
SUPERIOR/JUVENILE
COURT

2010 JAN 29  PM 12: 15

CINDY G. BROWN, CLERK
COWETA COUNTY, GA

MIDLAND FUNDING LLC ASSIGNEE
OF HSBC BANK NEVADA, N.A.

    Plaintiff

vs.

TERESA HOPKINS

    Defendant

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE
NO. 10V241

SUIT ON ACCOUNT

Now comes the Plaintiff in the above-styled action and states its complaint as follows:

(1)
The Defendant, a resident of this county, is subject to the jurisdiction of this Court and can be served at his/her residence address of 114 MATTHEW CT, PALMETTO GA 30268-8558.

(2)
The Defendant is indebted to Plaintiff in the amount of $2,885.37 as principal and $.00 as interest.

(3)
The principal and interest are past due and Defendant refuses to pay.

WHEREFORE, Plaintiff demands Judgment against Defendant in the principal sum of $2,885.37, interest of $.00 and court costs of $105.00.

Dennis E. Henry
Attorney for Plaintiff
Georgia Bar #347675
Frederick J. Hanna & Associates, P.C.
1427 Roswell Road
Marietta, GA 30062
(770) 988-9055

09510407